UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

IEASHA R. WARFIELD,

    Plaintiff,

       v.

MENSAH AARONETTE, et al.,

    Defendant.

Case No. 1:25-CV-00414-CCB-ALT

## **OPINION AND ORDER**

Ieasha Warfield filed a *pro se* complaint (ECF 1) and a motion for leave to proceed *in forma pauperis* (ECF 2) on July 30, 2025. Pursuant to 28 U.S.C. § 1915(a)(1), the Court "may authorize the commencement [of a civil lawsuit] without pre-payment of fees [if] the person is unable to pay such fees . . . ." A person is unable to pay the filing fee if "because of [her] poverty [doing so would result in the inability] to provide [her]self and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339 (1948) (quotation marks omitted).

When deciding whether to grant *in forma pauperis* status to a plaintiff, the Court must first determine whether her complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). The Court has "ample authority to dismiss frivolous or transparently defective suits spontaneously." *Hoskins v. Poelstra,* 320 F.3d 761, 763 (7th Cir. 2003).

"Although [pro se] litigants . . . benefit from various procedural protections," including liberal construction of pleadings, they "are not entitled to [exemption] from the rules of procedure . . . ." *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994). Fed. R. Civ. P. 8(a)(2) requires that complaints contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement must contain enough factual matter, accepted as true, to state a plausible claim, not a speculative one. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The complaint must also contain a short and plain statement of the grounds for the Court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). A basis for the Court's jurisdiction "must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *McCready v. eBay, Inc.*, 453 F.3d 882, 890 (7th Cir. 2006) (quotations omitted). Federal district courts have original jurisdiction over federal question cases—that is, "civil actions arising under the Constitution, laws, or treaties of the United States"—and diversity jurisdiction over lawsuits brought by citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. The Court will restrict its analysis to federal question and supplemental jurisdiction for each claim because Warfield made no claims to diversity jurisdiction in her complaint.

## DISCUSSION

Warfield has sued seven defendants and appears to assert a collection of claims, including civil rights violations, fraud, battery, defamation, theft, conspiracy, and criminal accusations. Her discernible requests for relief include the removal of Fort Wayne's Mayor Sharon Tucker from office and the return of unspecified federal funds. (ECF 1 at 7).

2

Construing her complaint liberally, the Court understands Warfield to be invoking federal question jurisdiction based on her civil rights and fraud allegations, and supplemental jurisdiction over her remaining claims. The Court cannot hear Warfield's federal claims because Warfield does not establish the Court's subject matter jurisdiction, fails to plead facts that support her claims, and names defendants who are immune from liability. Without a viable federal claim, the Court lacks federal question jurisdiction under 28 U.S.C. § 1331 and cannot exercise supplemental jurisdiction over any remaining state-law claims. *See* 28 U.S.C. § 1367(a).

**A. Warfield fails to state a claim against Defendants Sharon Tucker and Aaronette Mensah under 42 U.S.C. § 1983.**

Warfield seems to seek relief against Defendants Sharon Tucker and Aaronette Mensah in their official capacities. She fails to state a valid claim under § 1983 against either of them.

*i. Sharon Tucker*

Warfield alleges that Defendant Sharon Tucker, the City of Fort Wayne's mayor, stole her life insurance funds, stole funds she received for victim's compensation, and had her falsely arrested. Construing her complaint liberally, the Court understands Warfield to assert her claim against Tucker under 42 U.S.C § 1983 in her official capacity as the mayor of Fort Wayne, which is treated as a claim against the municipality and governed by *Monell*. *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 690–95 (1978). A *Monell* claim allows a plaintiff to sue municipal public officials in their official capacity and local government entities for civil rights violations under § 1983. *Id.* at 690 & n.55. A

local government may be liable for monetary damages under *Monell* if the plaintiff can show the unconstitutional act was the result of: "(1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook Cnty. Sheriff's Dep't.*, 604 F.3d 293, 303 (7th Cir. 2010).

Warfield does not claim that an unconstitutional act occurred, nor does she provide factual allegations of any policy, governmental practice, or custom which violated her constitutional or federal rights. She also does not allege that Tucker has final policy-making authority to support a claim for municipal liability. *Id.* Therefore, she has not established federal question jurisdiction because "the presence . . . of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted). Thus, Warfield fails to state a claim against Tucker.

ii. *Aaronette Mensah*

Warfield also alleges that Defendant Aaronette Mensah,[1] who appears to be a family case manager with the Indiana Department of Child Services, placed her child in an abusive home, ignored reports of abuse, and made defamatory statements about Warfield. (ECF 1 at 2-3). Warfield appears to be suing Aaronette Mensah in her official

---

[1] Due to an apparent scrivener's error, Aaronette Mensah's name appears as "Mensah Aaronette" on the docket.

4

capacity because she listed "DCS" next to her name. (*Id.* at 1, 5; ECF 1-2 at 7). A plaintiff must allege two elements to state a claim under § 1983: "(1) the conduct complained of was committed by a person acting under color of state law; and (2) the activity deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Case v. Milewski*, 327 F.3d 564, 566 (7th Cir. 2003). But Warfield does not allege that Mensah violated her constitutional or federal rights. *See Jones v. Cummings*, 998 F.3d 782, 788 (7th Cir. 2021). Without such facts, Warfield has not successfully stated a § 1983 claim against Mensah.

Additionally, defamation and failure to report child abuse are state-law claims and do not present a federal question. Indiana law provides no private cause of action for failure to report child abuse or neglect. *Weikart v. Whitko Cmty. Sch. Corp.*, 134 N.E.3d 484, 486 (Ind. Ct. App. 2019). Warfield thus fails to state a claim against Mensah.

**B. Warfield fails to state a claim against Defendant Tyrone Warfield.**

Warfield raises several criminal allegations against Defendant Tyrone Warfield. (ECF 1 at 2). But "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another," and criminal charges are the responsibility of state and federal law enforcement officials. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). These allegations cannot support the exercise of federal jurisdiction. Therefore, she fails to state a claim upon which relief can be granted against Defendant Tyrone Warfield.

C. **Warfield fails to state a claim against Defendants Beth Webber, Lori Morgan, and the Allen Superior Court.**

Warfield has also sued Allen Superior Court Judges Lori Morgan and Beth Webber[2] and the Allen County Superior Court. (ECF 1 at 1; ECF 1-2 at 3, 5).

Warfield alleges that Judge Morgan "[stole] federal funds" and has "defraud[ed] [her] trust funds." (ECF 1 at 4). She also states that Judge Webber asked her to "sign a paper for federal funds" and "[does] not allow the children to be heard." (*Id.* at 3-4). But "[a] judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). Furthermore, claims cannot be stated against immune defendants. *See Olson v. Champaign Cnty., Ill.*, 784 F.3d 1093, 1095 (7th Cir. 2015). Warfield has not alleged any facts that Judge Morgan or Judge Webber acted in the absence of jurisdiction or outside court-appointed duties. Without such alleged facts, Defendants Webber and Morgan are immune from suit and Warfield fails to state a claim against them.

Warfield makes no mention of the Allen Superior Court beyond the complaint's caption, and she also fails to state a claim that overcomes the Superior Court's Eleventh Amendment immunity as a member of the Indiana Judicial Branch. The Eleventh Amendment and principles of sovereign immunity deprive this Court of jurisdiction to hear claims against a state unless the state has consented to suit or Congress has used its powers under the Fourteenth Amendment to abrogate the state's Eleventh Amendment

---

[2] The correct spelling of the defendant's name appears to be Judge Beth Webber.

6

immunity. *Scott v. O'Grady*, 975 F.2d 366, 369 (7th Cir. 1992). The Allen Superior Court is an arm of the state for Eleventh Amendment purposes. *See Arnold v. Cir. Ct. of Cook Cnty.*, 741 F. App'x. 337, 338 (7th Cir. 2018); *Stoner v. Wis. Dep't. of Ag., Trade, & Consumer Prot.*, 50 F.3d 481, 483 (7th Cir. 1995) (citation omitted). While the Eleventh Amendment "does not automatically destroy the subject-matter jurisdiction of the federal courts," Warfield has not pled any facts that suggest a claim for which Indiana has waived its Eleventh Amendment immunity. *Hester v. Ind. State Dep't. of Health*, 726 F.3d 942, 946 (7th Cir. 2013) (citing *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998)). Therefore, the Allen Superior Court is also immune from suit.

### D. The Court lacks jurisdiction over the remaining state-law claims against Parkview Health.

Warfield has sued Parkview Health for "using [her] personal information" for children other than her own and "inject[ing] [her] child with a shot." (ECF 1 at 2). These allegations do not present a federal question. Liberally construed, Warfield asserts a state-law battery claim against Parkview Health. The Court lacks subject matter jurisdiction over this claim because Warfield has not pleaded diversity jurisdiction and has not established any viable federal claim to support the exercise of supplemental jurisdiction. *See Rivera v. Allstate Ins.*, 913 F.3d 603, 617 (7th Cir. 2018). Accordingly, Warfield's claim against Parkview Health cannot proceed in this Court.

### CONCLUSION

For these reasons, Warfield's motion to proceed *in forma pauperis* is **DENIED**. (ECF 2). Warfield is granted leave to amend her complaint to become compliant with

the federal rules and refile a motion to proceed *in forma pauperis* by **April 24, 2026**. The Court **CAUTIONS** Warfield that failure to comply with this deadline, plead federal jurisdiction, pay the filing fee or file for *in forma pauperis* status, or file a rule-compliant complaint will result in the dismissal of her case without further notice because her current complaint does not state a claim. *See Hoskins*, 320 F.3d at 763.

SO ORDERED on March 24, 2026.

s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT